UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEDD HEINZ
*as Guardian of LM, a minor*

Plaintiff,

v.

BAY CITY PUBLIC SCHOOLS,

Defendant.

Case No. 23-10422

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER:  GRANTING PLAINTIFF'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION *IN LIMINEE* WITHOUT PREJUDICE [ECF NO. 17]

## I.  INTRODUCTION

Jedd Heinz ("Plaintiff"), as Guardian of L.M., his minor grandson, filed this lawsuit against Defendant Bay City Public Schools ("BCPS") on February 24, 2023. Plaintiff's Amended Complaint alleges claims under Title II of the Americans With Disabilities Act of 1990 (the "ADA") (Count I) and the Michigan Person's With Disabilities Act MCLA § 37.1101, *et seq*. ("PWDCRA") (Count II).

Before the Court is Plaintiff's Motion to Strike Defendant's Notice of Non-Party at Fault and/or Motion *in Limine* to Exclude Evidence and Arguments Relative to the Apportionment of Fault. ECF No. 17. It was filed on April 25, 2023. Defendant responded on May 5, 2023, and Plaintiff did not reply. The

Motion is fully briefed. Upon review of the parties' briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion [ECF No. 17] on the briefs. See E.D. Mich. L.R. 7.1(f)(2).

For the reasons set forth below, Plaintiff's Motion to Strike is **GRANTED**. Because Plaintiff Motion *in Limine* provides no analysis pertaining to why the evidence is inadmissible under the Federal Rules of Evidence or other applicable authority. The Motion *in Limine* is **DENIED WITHOUT PREJUDICE**.

## II. FACTUAL BACKGROUND

L.M. is an 11th grade student in Bay City Western High School ("BCWHS"). He has been part of the school district for four years. Around 2009, L.M. was involved in a car accident that left him permanently disabled; he suffers from "traumatic brain injury", which "substantially affects his ability to walk and speak." ECF No. 3, PageID.16. L.M. is part of the Individualized Education Program at the school, which offers him "extra support." *Id*. Plaintiff alleges that, "[f]rom 2019 until the present, [L.M.] has been harassed and discriminated against by his classmates and in particular, M.K., D.O., J.G., L.B., R.M., K.F., T.M., J.B., L., J., M.B., A.R., T.D., L.Y., R., B.N., R. and A.W., (collectively referred to as 'problematic students') continue to harass him due to his disability." *Id*. As detailed in the complaint, the harassment allegedly included various threats against

-2-

L.M., his family members, and pet dog, vandalization of his belongings and home, and verbal taunting.  *Id*. at PageID.17.

Plaintiff alleges that, after multiple complaints to teachers, school officers and staff, "all problematic students remained at the school and remained in classes with L.M" and the school took no remedial action to address the harassment. *Id*. Finally, Plaintiff asserts that the harassment continues through the date the complaint was filed and Defendant's refusal to take prompt remedial measures "deprived Plaintiff's minor of full and equal enjoyment of public goods and services, including, but not limited to educational/academic services and extra-curricular services." *Id*. at PageID.18. As a result of the alleged harassment and failure to intervene, Plaintiff says L.M. suffered mental anguish, fright, shock, embarrassment, outrage, anxiety, emotional distress, loss of self-esteem, and loss of capacity for the enjoyment of life. *Id*. at PageID.16-17, 20, 23.

On April 17, 2023, Defendants filed a "Notice of Non-parties at Fault Pursuant to MCR 2.112(K)." ECF No. 16. It asserts that, "the proximate cause of the damages allegedly incurred by the Plaintiff's minor [are] the acts of the non-parties referenced" in the complaint. *Id*. at PageID.83.

## III.   DISCUSSION

Plaintiff moves to strike the notice of non-party fault, arguing that, "by its very terms, M.C.R. 2.112, and M.C.L. 600.2957 and 600.6304 only apply to

actions based on tort." ECF No. 17, PageID.87. Alternatively, Plaintiff moves *in limine* to exclude evidence and arguments relative to the apportionment of fault. *Id.* at PageID.90. The Court will discuss the applicable law analysis pertaining to the Motion below.

### A. Applicable Law

M.C.L § 600.2957 is a provision of tort reform legislation set forth in the Michigan Tort Reform Act. As part of this tort reform, the Michigan Legislature abolished joint and several liability and replaced it with "fair share liability." *Smiley v. Corrigan*, 248 Mich. App. 51, 55, 638 N.W.2d 151 (2002). § 600.2957 (1) provides that,

> *In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death*, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

(Emphasis added). Pursuant to MCL § 600.6304(1)(a) -(b), "in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties," the court must instruct the jury on the allocation of fault. The fault of a nonparty—in a case to which § 600.2957 and § 600.6304 apply—must be allocated after the defendant files a "notice of non-party fault," as

provided in M.C.R. § 2.112(K)(2). The court rule provides that a "party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially as fault." *Id*.

### B. Analysis

Michigan's fair share liability rules, as stated in M.C.L. §§ 600.2957 and 600.6304, require the trier of fact to allocate fault amongst all potentially culpable parties in a tort action or an action based on another legal theory seeking damages for personal injury, *inter alia*. Given that this discrimination case does not involve tort claims or physical injury—though the complaint alleges certain emotional harms—Plaintiff insists that neither § 600.2957 nor § 600.6304 apply. Thus, as the argument goes, no allocation of fault is required, rendering Defendant's notice of non-party fault improper.

Defendant responds, arguing that "several cases have also acknowledged that the sort of nonphysical injuries set forth by Plaintiff constitute personal injuries for the purposes of recovery." ECF No. 18, PageID.111. As such, Defendant believes that Michigan's fair share liability rules require an allocation of fault for Plaintiff's alleged emotional harms. Defendant relies on several cases to support its argument: *Stadnyk v. Comm'r*, 367 F. App'x 586, 593 (6th Cir. 2010); *People v. Asvedo*, 217 Mich. App. 393, 395-396 (1996); *In re Collins & Aikman Corp.*, No. 08-14801, 2009 WL 4646097 (E.D. Mich. Dec. 7, 2009); *Shefke as N/F*

*of Doe v. Macomb Intermediate Sch. Dist.,* No. 20-CV-10049, 2020 WL 4816202, at *1 (E.D. Mich. Aug. 19, 2020) (Drain, J.)*, vacated and remanded sub nom.,* on other grounds *Shefke as Next Friend of Doe v. Macomb Intermediate Sch. Dist.,* No. 22-1283, 2023 WL 3698219 (6th Cir. May 23, 2023); *Saban v. Henry Ford Health Sys.*, No. 347844, 2020 WL 2096058, at *1 (Mich. Ct. App. Apr. 30, 2020); and *Taylor v. DLI Properties, LLC*, No. 15-13777, 2019 WL 1057363, at *1 (E.D. Mich. Mar. 6, 2019). As explained *infra*, none of those cases support Defendant's position.

In *Stadnyk,* plaintiff taxpayers petitioned for redetermination of federal income tax deficiencies arising from a determination by the Internal Revenue Service (IRS) that the taxpayers were required to include in their gross income proceeds from taxpayer-wife's settlement check, received from a bank that wrongfully dishonored her check and had her arrested on a "bad check" charge under Kentucky law. *Stadnyk*, 367 F. App'x at 593. The Sixth Circuit held that the settlement payment did not satisfy the IRS's rule, which excluded from taxable income any damages received "on account of personal physical injuries or physical sickness." *Id*. Instead, the Court viewed the damages the taxpayer sought from the bank—for emotional distress, mortification, humiliation, mental anguish, and damage to reputation pursuant to violations of Kentucky law—as being stated in terms of recovery for "nonphysical personal injuries," and thus, not excludable

from the taxpayer's taxable income. *Id*. *Stadnyk* sheds no light on the definition of "a legal theory seeking damages for personal injury" under Michigan law.

In *People v. Asvedo*, the Michigan Court of Appeals, applying a Michigan Criminal Sexual Conduct statute, ruled that bodily injury, mental anguish, and the other conditions listed in M.C.L. § 750.520a(j) are merely different ways of defining the single criminal element of personal injury. *Asvedo*, 217 Mich. App. at 395-396. *Asvedo* defines "personal injury" for purposes of criminal sexual conduct statutes, but it does not purport to address the meaning of § 600.2957's requirement for an allocation of fault in actions based on a "legal theory seeking damages for personal injury." That case has no bearing on the issue before the Court.

In *In re Collins & Aikman Corp*., the federal district court interpreted a federal statute, 28 U.S.C. § 157(b)(5), which established the proper venue for "personal injury torts" that arise against Defendants involved in bankruptcy proceedings. *In re Collins*, 2009 WL 4646097. The court did not define or interpret the meaning of a "personal injury tort" because the "parties are agreed that [the] Claimant's ADA claim [was] a 'personal injury tort' claim within the meaning of [28 U.S.C. § 157(b)(5)]." That case provides no rationale for why "damages for personal injury", as stated in Michigan's allocation of fault statutes, should

encompass emotional harms alleged in discrimination cases that do not involve physical harm.

In *Shefke as N/F of Doe v. Macomb Intermediate Sch. Dist.*, the plaintiff, on behalf of his minor child with autism, brought claims for gross negligence and violations of the MPWDCRA. The Court dismissed the suit, ruling that plaintiff was required to follow the applicable administrative exhaustion procedure, stated under the Individuals with Disabilities Education Act (IDEA), to assert her claim for monetary damages against the school. The Sixth Circuit eventually reversed that ruling and remanded the case. *See Shefke as Next Friend of Doe v. Macomb Intermediate Sch. Dist.*, No. 22-1283, 2023 WL 3698219, at *1 (6th Cir. May 23, 2023). The *Shefke* Court's ruling has no bearing on the case currently before the Court. It is true, however, that the court in that case cited *Brooklyn T. v. Knox Cty.*, 2020 WL 3473643 (M.D. Tenn. Jun. 25, 2020), and stated that "[t]he *Brooklyn* court concluded the plaintiffs' ADA and Rehabilitation Act claims were subject to the IDEA's exhaustion requirement even though the '[p]laintiffs' complaint asks only for damages related to Brooklyn's *personal injuries*' . . ." *Shefke*, 2020 WL 4816202, at *4. (Emphasis added). To the extent that the reference to *Brooklyn* suggests that the *Shefke* court viewed the injuries alleged there as sounding in personal injury, this can be explained by the presence of the negligence claim, in addition to the severe physical injuries at issue in both *Shefke* and *Brooklyn*. No

physical injuries or tort claims are alleged in the instant case and the *Shefke* Court made no pronouncements with respect to the definition of "personal injury" under Michigan's allocation of fault rules. As such, *Shefke* provides no support for Defendant's argument.

In *Saban v. Henry Ford Health Sys*., the Michigan Court of Appeals introduced its opinion, noting that "[p]laintiff suffered personal injuries when the wheelchair in which he was riding struck an alleged defect on defendants' premises and he fell forward out of the wheelchair, sustaining injuries." *Saban*, 2020 WL 2096058, at *1. The plaintiff alleged premises liability and a MPWDCRA claim. *Id*. Affirming the trial court's grant of summary judgment on all counts, the court held, *inter alia*, that "based on the facts of this case, plaintiff has failed to raise a genuine issue of material fact that he was denied a public accommodation on account of a disability." *Id*., at *8. Notably, the opinion contains no discussion pertaining to Michigan's definition of a "personal injury" and it does not apply Michigan's allocation of fault rules to a discrimination case that does not involve allegations of physical injury. Similar to the cases discussed above, the presence of tort claims and physical injuries resulting from the alleged negligence and discrimination in *Saban* render it distinguishable from the case currently before the Court.

Finally, in *Taylor v. DLI Properties, LLC*, plaintiffs Taylor and Pierre raised a variety of tort claims against defendants, Pierre—not Taylor—raised several disability claims as well. *Taylor*, 2019 WL 1057363, at *1. The federal district court dismissed Taylor's claims on estoppel grounds, holding that plaintiffs were required to disclose, as part of her bankruptcy proceedings, any personal injury lawsuits she had pending. *Id*. Because Taylor did not do so, the court dismissed her tort claims. Taylor did not file a disability claim and the Court said nothing about whether Pierre's disability claims—which were allowed to proceed to trial—sounded in "personal injury." *Taylor* has no bearing on the present action.

Plaintiff also cites cases that do not address the question of whether Michigan's allocation of fault rules apply to a discrimination case that does not involve physical injury or emotional harms resulting from bodily harm. Nonetheless, the Court will discuss the applicable rules of statutory construction, the statutes, and the analysis pertaining to Michigan's statutory definition of "a legal theory seeking damages for personal injury."

" 'Well-established principles guide this Court's statutory construction efforts . . . [the Court must] consult[] the specific [statutory] language at issue.' " *Kloian v. Domino's Pizza, LLC*, 273 Mich.App. 449, 458, 733 N.W.2d 766 (2006) (*quoting Bloomfield Charter Twp. v. Oakland Co. Clerk*, 253 Mich.App. 1, 10, 654 N.W.2d 610 (2002)). The Court "gives effect to the Legislature's intent as

expressed in the statute's terms, giving the words of the statute their plain and ordinary meaning." *McManamon v. Redford Charter Twp*., 273 Mich.App. 131, 135, 730 N.W.2d 757 (2006), *citing Willett v. Waterford Charter Twp*., 271 Mich.App. 38, 48, 718 N.W.2d 386 (2006). "When the language poses no ambiguity, th[e] Court need not look beyond the statute or construe the statute but need only enforce the statute as written." *McManamon, supra* at 136, 730 N.W.2d 757. The Court "does not interpret a statute in a way that renders any statutory language surplusage...." *Id., citing Pohutski v. City of Allen Park*, 465 Mich. 675, 684, 641 N.W.2d 219 (2002).

§ 600.2957 provides that "in an action based on . . . [a] legal theory seeking damages for personal injury . . . the liability of each person shall be allocated by the trier of fact, and, subject to § 600.6304, indirect proportion to the person's percentage of fault." Importantly, MCL § 600.6301(b) defines "personal injury" as "bodily harm, sickness, disease, death, or *emotional harm resulting from bodily harm*." (Emphasis added). "Personal injury" as defined in MCL § 600.6301 expressly applies to chapter 63 of Michigan's Revised Judicature Act ("RJA"), which includes § 600.6304. *Provider Creditors Comm. v. United Am. Health Care Corp*., 275 Mich. App. 90, 96, 738 N.W.2d 770, 774 (2007), *overruled on other grounds* by *Angelucci v. Dart Properties Inc*., 301 Mich. App. 209, 836 N.W.2d 219 (2013). By its unequivocal language and in the context of the statute as a

whole, the definition of "personal injury" as stated in § 600.2957's phrase, "legal theory seeking damages for personal injury[,]" is provided by § 600.6301(b) and encompasses emotional harm that results from bodily harm.

No such bodily harm is alleged here to have resulted in emotional harm. Indeed, the complaint does not allege a physical injury. It alleges only emotional harm resulting from the school's failure to address the harassment Plaintiff allegedly endured through the actions of other students. The Notice of Non-Party at Fault has no bearing on the school's alleged failure to intervene, which Plaintiff says constitutes a violation of the ADA and MPWDCRA. Accordingly, the Court will strike the notice.

## IV.    Conclusion

For the reasons set forth above, Plaintiff's Motion to Strike is **GRANTED**. Because Plaintiff's Motion *in Limine* provides no analysis pertaining to why the evidence is inadmissible under the Federal Rules of Evidence or other applicable authority. Thus, Plaintiff's Motion *in Limine* is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**


Dated:  October 10, 2023          /s/ Gershwin A. Drain
                                  GERSHWIN A. DRAIN
                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 10, 2023, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager